THE STATE OF OHIO, APPELLEE, *v.* MAPSON, APPELLANT.

[Cite as State *v.* Mapson (1982), 1 Ohio St. 3d 217.]

(No. 81-827—Decided August 11, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellee.

*Mr. Randall M. Dana,* Ohio public defender, and *Mr. Harry R. Reinhart,* for appellant.

*Per Curiam.* This case presents a procedural issue dealing with the timeliness of an appeal from the denial of a post-conviction relief petition.

Appellant contends that an appeal from a denial of a post-conviction relief petition is timely if it is filed within 30 days of the filing of the statutorily required findings of fact and conclusions of law. Appellee asserts essentially that such an appeal must be filed within 30 days of the date the judgment denying the petition is entered, regardless of whether findings accompanied the entry.

After carefully reviewing the applicable statutes and the policies underlying these statutes, this court holds that R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom.

R.C. 2953.21, the Ohio statute for post-conviction determination of constitutional rights, provides, in pertinent part, that "* * * [i]f the court dismisses the petition [to vacate or set aside the sentence] it shall make and file findings of fact and conclusions of law with respect to such dismissal." With the enactment of this provision in 1967, the General Assembly unequivocally mandated that findings of fact and conclusions of law must be made by a trial judge even where a post-conviction petition is summarily denied.[2]

This court, in *State* v. *Lester* (1975), 41 Ohio St. 2d 51 [70 O.O.2d 150], considered this provision and held in paragraph two of the syllabus that:

"R.C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."

Recognizing the mandatory nature of findings, the court in *Lester, supra,* at page 56, remanded the cause to the trial court because the judge had failed to "* * * make and file findings of fact and conclusions of laws with regard to * * * [its] holding." Thus, in *Lester,* as well as in *State* v. *Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156], this court implicitly agreed with the holding in *State* v. *Brown* (1974), 41 Ohio App. 2d 181, 185 [70 O.O.2d 349], that the failure of a trial judge to make the required findings is prejudicial error.

The procedural nature of R.C. 2953.21(C) cannot be ignored. This section, along with the other sections dealing with post-conviction relief, provide a

---

[2] Prior to the 1967 amendment, "* * * the statute was silent as to whether the trial court was required to make findings of fact and conclusions of law if a hearing was not granted and the petition summarily dismissed." *State* v. *Brown*(1974), 41 Ohio App. 2d 181, 183 [70 O.O.2d 349]. . Thus, by amending the statute, the General Assembly clearly removed any doubt that findings were indeed mandatory.

procedure "* * * to make available 'the best method of protecting constitutional rights of individuals, and, at the same time, provid[ing] a more orderly method of hearing such matters.' " *Kott* v. *Maxwell* (1965), 3 Ohio App. 2d 337, 338 [32 O.O.2d 457]. This court's holding that findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief fosters the orderliness of this process.

Important policy considerations also underlie this decision. The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones* v. *State* (1966), 8 Ohio St. 2d 21, 22 [37 O.O.2d 357]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclustions which an appellate court reviews for error.[3]

This court noted in *Lester,* at page 56, that "the general purpose of R.C. 2953.21 is to provide judicial review of the allegations raised in a prisoner's petition, in order to provide a remedy for violation of constitutional rights." In order for this purpose to remain meaningful and viable, findings must be held to be a necessary and essential part of a judgment denying post-conviction relief.

A holding to the contrary would not only defeat the purposes of R.C. 2953.21, it would also serve to increase the workload of the already overburdened and overcrowded courts of appeal and further tax the already scarce state resources. Requiring a petitioner to perfect an appeal without having findings before him would deter judicial economy, for it would guarantee two trips to the appellate court — one to force the findings and another to review the decision on the merits. This court has previously recognized the potential for judicial inefficiency which results when a trial court neglects to make the requisite findings. As this court noted in *Lester,* at page 56, that "* * * unless the trial court makes and files findings on all issues presented, appeals may well be piecemeal; the reversal of any dismissal could require the cause to be remanded to decide issues not considered by the trial court, while the reversal of the granting of relief upon one ground might be mooted by a later appeal upon some valid ground. A time-consuming series of appeals could well result * * *."

---

[3] The importance of findings is highlighted by this court's decision in *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405], wherein it was held in paragraph two of the syllabus, that:

"Where a trial court, in denying a petition for post-conviction relief pursuant to R.C. 2953.21, does not consider a transcript of proceedings of the hearing at which the guilty pleas were entered, a Court of Appeals cannot add that transcript to the record before it and then decide the appeal on the basis of matter disclosed by the transcript."

Judicial lackadaisicalness would also be fostered by a holding to the contrary, for such a holding would have the effect of justifying a trial court's negligence in failing to follow the relatively simple statutorily prescribed procedures of R.C. 2953.21.

In the instant case, the Court of Appeals dismissed appellant's appeal as untimely, presumably on the basis that it had not been filed within 30 days of the judgment entry initially denying post-conviction relief. This entry, however, was not accompanied by the requisite findings of fact and conclusions of law. The Court of Appeals apparently reasoned that such findings were not essential to a judgment denying post-conviction relief. For the reasons stated above, this was error.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., dissenting. I believe the majority's conclusion that a denial of a postconviction relief petition may be appealed within 30 days of the findings of fact and conclusions of law filed pursuant to R.C. 2953.21(E) ignores the unambiguous mandate of App. R. 4(A). Therefore, I must respectfully dissent.

In *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 49 [71 O.O.2d 26], this court stated, "an action for postconviction relief is a *civil proceeding.*" (Emphasis added.) The procedure to be followed in perfecting appeals in civil cases is governed by App. R. 4(A) which provides in relevant part:

"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court *within thirty days* of the date of the entry of the judgment or order appealed from. * * *

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run *and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50 (B);*[4] *(2) for a new trial under Rule 59.* * * * "(Emphasis added.)

Clearly, the 30 days within which a notice of appeal must be filed pursuant to App. R. 4(A) is a jurisdictional requirement and is suspended *only* by the timely filing of a motion for new trial or a motion for judgment n.o.v. *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265 [67 O.O.2d 333]. R.C. 2953.21(E) does re-

---

[4] A "judgment under Rule 50(B)" refers to a judgment n.o.v.

quire the court to file findings of fact and conclusions of law in postconviction proceedings, however, the court's failure to do so does *not* suspend the 30 days for the filing of a notice of appeal. The proper remedy for a defendant in a case such as this is to either: (1) request an extension of time in which to file his notice of appeal pending the court's filing of its findings of fact and conclusions of law; or (2) seek a writ of mandamus compelling the court to file the findings of fact and conclusions of law prior to the expiration of the time for filing the notice of appeal.

The majority's holding disregards the unequivocal provisions of App. R. 4(A) and construes R.C. 2953.21(E) in a manner totally inconsistent with the appellate rule. As this court stated in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, at 210 [70 O.O.2d 395]:

"* * * App. R. 1 provides that the rules govern procedure in appeal to Courts of Appeals from the trial courts of record in Ohio. Clearly they supersede all *procedural* statutes in conflict with them." (Emphasis *sic*.)

Consequently, the provisions of App. R. 4(A) supersede any countervailing procedural statutes. Therefore, I believe the majority's attempt to construe R.C. 2953.21(E) in a manner which conflicts with App. R. 4(A) is erroneous. Furthermore, it is plain to me the majority has once again disregarded the clear, unambiguous language of the rules of appellate procedure and has disrupted the orderly progression of cases through the appellate process. In addition, their holding will create chaos in the legal community since attorneys become increasingly unsure of how this court will administer the appellate rules.

Accordingly, I would affirm the Court of Appeals.