974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. GOUDY, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 92-3048.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John E. Goudy, a pro se Ohio prisoner, appeals the district court's judgment dismissing, without prejudice, his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Goudy in 1988 of felonious assault with specifications. He was sentenced to 10-15 years imprisonment plus 3 years actual incarceration for the firearm specification. The Ohio Court of Appeals affirmed Goudy's conviction on October 14, 1988, and the Ohio Supreme Court denied further review. Goudy next filed a federal petition for a writ of habeas corpus, raising five grounds for relief. In addition, three of Goudy's grounds formed the basis for an ineffective assistance of counsel claim. The district court dismissed this petition in an opinion and order filed December 14, 1989, due to Goudy's failure to exhaust state remedies as to his ineffective assistance of counsel claim.
 
 
 3
 Goudy subsequently filed his first petition for post-conviction relief (PCR), which was denied by the trial court on May 2, 1990. A second PCR petition, raising claims different from those raised in the first PCR petition, was summarily denied on May 29, 1991, in a two-sentence order which included no findings of fact or conclusions of law. Goudy did not appeal either PCR denial to the Ohio appellate courts.
 
 
 4
 In his present habeas petition, Goudy raises four grounds for relief: (1) ineffective assistance of trial counsel, (2) failure to give a required jury instruction, (3) ineffective assistance of appellate counsel, and (4) denial of the right to an impartial jury. The district court dismissed this petition, without prejudice, in an opinion and order filed December 20, 1991. The district court again found that Goudy had not exhausted his state remedies. The court concluded that, because Ohio law requires a PCR judgment entry to include specific findings of fact and conclusions of law and failure to include them tolls the running of the appeals period, Goudy could still move the trial court to issue such findings and then file his appeal.
 
 
 5
 On appeal, Goudy argues that the district court erred in finding that he has viable state remedies remaining. The appellee has notified the court that he will not be filing a brief.
 
 
 6
 Upon review, we affirm the district court's judgment because Goudy has state court remedies remaining for his ineffective assistance of appellate counsel and denial of impartial jury claims. He must exhaust these remedies before presenting his mixed habeas petition to the federal courts. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 7
 It is clear from the record that Goudy has not fairly presented any of his four present grounds for relief to the highest court of Ohio. However, under Ohio law, a prisoner is barred from presenting in a state post-conviction proceeding any claim which he presented or could have presented on his direct criminal appeal. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). Thus, Goudy's jury instruction issue is barred because he could have raised it on direct appeal.
 
 
 8
 Goudy's ineffective assistance of trial counsel claim is barred because he has already raised it in his first PCR petition. He did not appeal the trial court's denial of this petition and delayed appeal of the denial of post-conviction relief is not available in Ohio. See Ewing v. McMackin, 799 F.2d 1143, 1151 n. 15 (6th Cir.1986); State v. Nichols, 463 N.E.2d 375, 378 (Ohio 1984).
 
 
 9
 The Ohio Supreme Court recently ruled that a claim of ineffective assistance of appellate counsel may not be raised in a PCR petition. See State v. Murnahan, 584 N.E.2d 1204, 1208 (Ohio 1992). In that decision, the Court recognized that "Ohio has no statutory authority or court rules dedicated to the procedure to be followed by defendants who allege ineffective assistance of appellate counsel." Id. at 1209 n. 6. However, the Court then determined that a prisoner could raise such an appeal in an application for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied, he could then file for delayed appeal in the Ohio Supreme Court pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court. Id. at 1209. Thus, Goudy may apply for delayed reconsideration in the appellate court that heard his direct appeal.
 
 
 10
 Goudy may also yet appeal his denial of an impartial jury issue. The district court correctly stated that findings of fact and conclusions of law are mandatory in Ohio PCR judgments. See Ohio Rev.Code Ann. § 2953.21(C) (Baldwin Supp.1991); State v. Mapson, 438 N.E.2d 910, 911-12 (Ohio 1982) (per curiam). Mapson also holds that a judgment without such findings is incomplete and does not commence the running of the time period for filing an appeal. Id. Thus, the time period for appealing Goudy's second PCR petition has not yet begun to run.
 
 
 11
 Accordingly, the district court's judgment, entered December 20, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.