DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Jeffrey Hickman, appeals from the journal entry of the Summit County Court of Common Pleas, which denied appellant's post conviction application for DNA testing. For the reasons that follow, this Court dismisses the appeal for lack of a final appealable order.
 I. {¶ 2} Appellant was convicted after jury trial on November 7, 2001, of one count of aggravated burglary, one count of kidnapping, two counts of rape, and one count of robbery. The trial court sentenced appellant to a total of 27 years in prison on the above-referenced felonies. The court further adjudicated appellant a sexual predator, subject to community notification. Appellant timely appealed his conviction. By decision and journal entry filed July 3, 2002, this Court affirmed appellant's conviction. State v. Hickman, 9th Dist. No. 20883, 2002-Ohio-3406.
 {¶ 3} On June 11, 2004, appellant filed his application for DNA testing in the trial court, pursuant to R.C. 2953.73. Appellant requested DNA testing of certain evidence that had not been tested in the underlying case. The state timely filed its memorandum in opposition to appellant's application. On July 29, 2004, the trial court denied appellant's application, stating merely:
"Upon due consideration of this Court, IT IS HEREBY ORDERED that the Defendant's Motion is DENIED."
 {¶ 4} Appellant timely appeals the trial court's denial of his application, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"Teh [sic] trial court erred and abused its discretion in denying appellant's properly filed application for dna testing, where appellant adequately demonstrated that the results of exclusionary dna testing would have been outcome determinative at trial, and where the previous dna testing was tainted by contamination."
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to submit findings of fact or conclusions of law as to the basis for the denial of the application for dna testing."
 {¶ 5} R.C. Chapter 2953 addresses appeals and other post conviction remedies. Post conviction DNA testing for eligible inmates is governed by R.C. 2953.71 through 2953.83. R.C. 2953.73(A) provides that an eligible inmate who wants to request DNA testing, pursuant to R.C. 2953.71 to2953.81, must submit an application for DNA testing to the court of common pleas that sentenced the inmate for the relevant offense. R.C.2953.73(D) provides in relevant part:
"If an eligible inmate submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected. * * * The court shall make the determination in accordance with the criteria and procedures set forth in sections 2953.74 to 2953.81 of the Revised Code * * *. Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71
to 2953.81 of the Revised Code."
 {¶ 6} In this case, the trial court failed to set forth any reasons for its rejection of appellant's application for DNA testing, as mandated by statute. The state concedes in its brief that the trial court failed to set forth the statutorily mandated reasons for rejection of appellant's application.
 {¶ 7} The state further analogizes this situation to cases of a criminal defendant's first petition for post conviction relief, where the trial court's order denying relief fails to include the statutorily mandated findings of fact and conclusions of law. See, e.g., State v.Pannell (Oct. 8, 1997), 9th Dist. No. 96CA0097; State v. Davis (Apr. 23, 1997), 9th Dist. No. 96CA006533. This Court finds such analogy appropriate.
 {¶ 8} Appellant's post conviction application for DNA testing constitutes a request for post conviction remedy. Just as R.C. 2953.21(G) within the context of a criminal defendant's petition for post conviction relief directs that a trial court "shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition[,]" so too does R.C. 2953.73(D) direct that the trial court "shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." This Court further adopts the holding of the Ohio Supreme Court in State v. Mapson
(1982), 1 Ohio St.3d 217, 218, that a judgment entry that does not include such statutorily mandated findings is incomplete and does not constitute a final appealable order.
 {¶ 9} The Mapson court reiterated the important policy considerations behind the requirement that the trial court enunciate its findings, specifically, "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Mapson, 1 Ohio St.3d at 219, citingJones v. State (1966), 8 Ohio St.2d 21, 22. This Court finds such policy considerations applicable in regard to a criminal defendant's application for DNA testing, as well as to petitions for other post conviction remedies.
 {¶ 10} In this case, the trial court's journal entry was insufficient to apprise appellant of the reasons for dismissing his post conviction application for DNA testing or to enable this Court to properly determine appellant's appeal on the merits. Accordingly, this Court does not have before it a final appealable order. This appeal is hereby dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.