JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Timothy Newell (appellant) appeals from the trial court's decision denying his application for DNA testing. After reviewing the facts of the case and pertinent law, we dismiss this appeal for lack of a final appealable order.
 I. {¶ 2} In 1978, appellant was convicted in two separate jury trials of various counts including kidnapping, rape, felonious assault and aggravated robbery. The court sentenced him on both cases to a combined total of 375 years in prison. We affirmed appellant's conviction on direct appeal in State v. Newell (Feb. 14, 1980), Cuyahoga App. Nos. 40334 and 40335.
 {¶ 3} Appellant filed an application for DNA testing on July 1, 2004 pursuant to R.C. 2953.73. On August 4, 2004 the state filed a brief in opposition to appellant's application for DNA testing and a prosecuting attorney's report regarding chain of custody of biological material submitted pursuant to R.C. 2953.75(B) and 2953.76. The trial court denied appellant's application for DNA testing on August 25, 2004. The journal entry states in its entirety, "Defendant's motion for DNA testing hereby is denied."
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court's summary denial of Mr. Newell's application for DNA testing is contrary to law because the trial court did not comply with the requirements of R.C. 2953.73(D)."[1] Specifically, appellant argues that the trial court failed to provide any explanation or reasoning for denying his application for DNA testing. The state agrees with appellant, but argues that there is no final appealable order as a result of the court's failure to provide the reasons for denying appellant's application; therefore, we lack jurisdiction to review appellant's case. We agree with the state.
 {¶ 5} R.C. 2953.71 through 2953.83 governs post conviction DNA testing for eligible inmates. R.C. 2953.73(D) provides in relevant part as follows:
"If an eligible inmate submits an application for DNA testing underdivision (A) of this section, the court shall make the determination asto whether the application should be accepted or rejected. * * * Uponmaking its de termination, the court shall enter a judgment and orderthat either accepts or rejects the application and that includes withinthe judgment and order the reasons for the acceptance or rejection asapplied to the criteria and procedures set forth in sections 2953.71 to2953.81 of the Revised Code."
 {¶ 6} In the instant case, the trial court's judgment entry fails to set forth any reasons for denying appellant's application. This is contrary to what R.C. 2953.73(D) mandates. In State v. Mapson (1982),1 Ohio St.3d 217, the Ohio Supreme Court held that a judgment entry that does not include statutorily mandated findings does not constitute a final appealable order. See, also, State v. Hickman, Summit App. No. 22279, 2005-Ohio-472 (holding that there was no final appealable order when "the trial court's journal entry was insufficient to apprise appellant of the reasons for dismissing his post conviction application for DNA testing or to enable this Court to properly determine appellant's appeal on the merits"). Accordingly, we dismiss this appeal for lack of a final appealable order.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Rocco, J., Concur.
[1] Appellant's second and final assignment of error reads, "The trial court's summary denial of Mr. Newell's application for DNA testing is contrary to law because comparison DNA testing that excludes Mr. Newell as the source of the crime scene biomaterial would be outcome determinative." We will not address the merits of this argument as we lack jurisdiction to review appellant's denied application because it is not a final appealable order.