DECISION.
{¶ 1} Appellant Lewis Thomas III presents on appeal a single assignment of error in which he challenges the Hamilton County Common Pleas Court's failure to provide its reasons for denying his application for DNA testing. Because the entry from which Thomas appeals is not a final appealable order, we dismiss the appeal.
 {¶ 2} For his role in a 1988 bank robbery, Thomas was convicted of three counts of felonious assault and single counts of aggravated murder and aggravated robbery. He unsuccessfully challenged his convictions in his direct appeal and in a postconviction petition. In October of 2004, Thomas applied under R.C. 2953.71 et seq. for DNA testing of a hat that law enforcement officials had found in a walkway adjacent to the bank and that the trial court had admitted into evidence at Thomas's trial. The common pleas court denied the application, and this appeal followed.
 {¶ 3} A prison inmate who has been convicted of a felony and who has at least a year remaining on his prison term may file with his sentencing court an application for DNA testing of biological evidence upon which no DNA test, or an inconclusive DNA test, has been conducted.[1] The court has the discretion to either accept or reject the application,[2]
"in accordance with the criteria and procedures set forth in [R.C.] 2953.74 to 2953.81."[3] And the court must memorialize its decision in "a judgment and order * * * thatincludes * * * the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in [R.C.] 2953.71 to 2953.81."[4]
 {¶ 4} The court below, in its "Entry Denying Application for DNA Testing," rejected Thomas's application upon its "find[ing] pursuant to R.C. 2953.74(C) that the application [was] not well taken." R.C. 2953.74 sets forth "[g]rounds for accepting or rejecting" a DNA-testing application. R.C. 2953.74(C) provides that a court may accept an eligible inmate's DNA-testing application "only if all of the following apply:
 {¶ 5} "(1) The court determines * * * that biological material was collected from the crime scene or the victim * * * and that the parent sample of that biological material * * * still exists.
 {¶ 6} "(2) The testing authority determines [that] * * * [t]he parent sample of the biological material * * * contains scientifically sufficient material to extract a test sample[,] * * * is not so minute or fragile as to risk destruction * * * by the extraction[,] * * * has not degraded or been contaminated to the extent that it has become scientifically unsuitable for testing, and * * * has been preserved, and remains, in a condition that is scientifically suitable for testing.
 {¶ 7} "(3) The court determines that, at the [inmate's] trial * * *, the identity of the person who committed the offense was an issue.
 {¶ 8} "(4) The court determines that one or more of the defense theories asserted by the inmate at the trial * * * or in a retrial * * * was of such a nature that, if DNA testing is conducted and an exclusion result is obtained, the exclusion result will be outcome determinative.
 {¶ 9} "(5) The court determines that, if DNA testing is conducted and an exclusion result is obtained, the results of the testing will be outcome determinative * * *.
 {¶ 10} "(6) The court determines * * * from the chain of custody * * *, and from the totality of circumstances involved, that the parent sample and the extracted test sample are the same sample as collected and that there is no reason to believe that they have been out of state custody or have been tampered with or contaminated since they were collected."
 {¶ 11} Thus, R.C. 2953.74(C), by specifying six conditions that must be met before a court may accept a DNA-testing application, effectively provides an array of "reasons" from which a common pleas court may select a ground or grounds for rejecting a DNA-testing application.
 {¶ 12} The court below, in its entry rejecting Thomas's application, did not cite a problem with the material sought to be tested. Nor did the court conclude that, as a consequence of the defense's theory of innocence at trial, an exclusion result would not have been outcome-determinative. It merely declared that it was acting "pursuant to R.C. 2953.74(C)" in "find[ing] * * * that the application [was] not well taken." We hold that the court, by merely citing in its entry the statute that sets forth grounds for accepting or rejecting a DNA-testing application, did not satisfy the statutory requirement that it "include within the judgment and order * * * the reasons for the acceptance or rejection" of the application.
 {¶ 13} The state argues that the common pleas court's failure to specify its reasons for rejecting Thomas's application does not hinder appellate review of the court's judgment. To the contrary, it deprives this court of jurisdiction over the appeal.
 {¶ 14} The Ohio Supreme Court has held that a judgment entry filed in a postconviction proceeding without statutorily mandated findings is "incomplete" and is not a final appealable order.[5] The judgment entry filed by the court below, rejecting Thomas's application for DNA testing, did not conform with R.C. 2953.73(D)'s mandate that it include the court's reasons for the rejection. Thus, the entry did not constitute a final appealable order. Accordingly, we dismiss Thomas's appeal.[6]
 {¶ 15} We note that the Ohio Supreme Court has held that mandamus will lie to compel a court to proceed to final judgment by making the required findings.[7] But we assume the trial court in this case will make the findings, so that Thomas may have his appeal.
Appeal dismissed.
Doan, P.J., Painter and Sundermann, JJ.
[1] See R.C. 2953.71(F), 2953.72(A) and (C), 2953.73(A), and2953.74(A) and (B).
[2] See R.C. 2953.74(A).
[3] R.C. 2953.73(D).
[4] Id. (emphasis added).
[5] See State v. Mapson (1982), 1 Ohio St.3d 217, 218,438 N.E.2d 910.
[6] Accord State v. Newell, 8th Dist. No. 85280,2005-Ohio-2853; State v. Hickman, 9th Dist. No. 22279,2005-Ohio-472.
[7] See State ex rel. Ferrell v. Clark (1984),13 Ohio St.3d 3, 469 N.E.2d 843.