JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, George Henderson, appeals the trial court's failure to make findings when it rejected his application for DNA testing. Defendant was convicted in a jury trial of aggravated murder in 1988. On January 26, 2004, he filed an application for DNA testing pursuant to R.C. 2953.73 et seq. On August 10, 2005, the trial court denied this application in a judgment entry reading, "Defendant's application for DNA testing is denied."
 {¶ 2} Defendant states one assignment of error:
I. THE TRIAL COURT FAILED TO COMPLY WITH THE STRICT COMMANDS OF R.C. 2953.73(D) THAT MANDATES THE REASONS FOR THE REJECTION OF APPELLANT'S APPLICATION FOR DNA TESTING.
 {¶ 3} The state concedes the trial court erred in failing to provide reasons for its denial of defendant's application.
 {¶ 4} R.C. 2953.73(D) states in pertinent part: * * * Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code. * * *.
 {¶ 5} This court held in State v. Newell, Cuyahoga App. No. 85280, 2005-Ohio-2853:
In the instant case, the trial court's judgment entry fails to set forth any reasons for denying appellant's application. This is contrary to what R.C. 2953.73(D) mandates. In State v.Mapson (1982), 1 Ohio St.3d 217, 1 Ohio B. 240, 438 N.E.2d 910, HN3, the Ohio Supreme Court held that a judgment entry that does not include statutorily mandated findings does not constitute a final appealable order. See, also, State v. Hickman, Summit App. No. 22279, 2005-Ohio-472 (holding that there was no final appealable order when "the trial court's journal entry was insufficient to apprise appellant of the reasons for dismissing his post conviction application for DNA testing or to enable this Court to properly determine appellant's appeal on the merits"). Accordingly, we dismiss this appeal for lack of a final appealable order.
Id. ¶ 6.
 {¶ 6} As in Newell, the case at bar is not a final appealable order because the trial court failed to make the mandatory findings as required by statute. The case is, therefore, dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Mary Eileen Kilbane, J., and Michael J. Corrigan, J., concur.