{¶ 1} In 1977, a jury convicted appellant Kenneth Smith ("Smith") of multiple counts of rape, kidnapping, aggravated robbery, and carrying a concealed weapon. He was sentenced to seven to twenty-five years in prison for rape, kidnapping, and aggravated robbery. He was also sentenced to three to ten years on the carrying a concealed weapon charges. All counts were ordered to be served consecutively. We reversed his convictions for kidnapping but affirmed the remainder of his convictions in State v. Smith (Aug. 16, 1979), Cuyahoga App. No. 38313.
 {¶ 2} In 2004, Smith filed an application for DNA testing. The State filed a brief in opposition to his application. The trial court subsequently denied Smith's application.
 {¶ 3} Smith now appeals, raising three assignments of error. Finding merit to the appeal, we reverse and remand for further proceedings.
 {¶ 4} In his first assignment of error, Smith argues that the trial court's denial of his application for DNA testing is contrary to law because the trial court did not comply with the requirements of R.C.2953.73(D). Smith contends that the trial court failed to provide a statement explaining its reasons for denying his application. We agree.
 {¶ 5} R.C. 2953.73(D) provides, in part:
 "The court shall expedite its review of the application. The court shall make the determination in accordance with the criteria and procedures set forth in sections 2953.74 to 2953.81 of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the *Page 4 
documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized entries of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general, unless the application and the files and records show the applicant is not entitled to DNA testing, in which case the application may be denied. * * * Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code * * *."
The order provided by the trial court in this case stated as follows:
 "The Court hereby finds the defendant has failed to demonstrate that DNA testing in this matter would prove to be outcome determinative as defined by R.C. 2953.71(L). Accordingly, Defendant's application for DNA testing is denied."
 {¶ 6} R.C. 2953.71(L) defines "outcome determinative" to mean that if the DNA results had been presented at Smith's trial, and the results were found to be relevant and admissible, "no reasonable factfinder would have found [Smith] guilty of that offense[.]"
 {¶ 7} R.C. 2953.74(C)(4) provides guidance for the trial court as to the analysis expected in deciding whether the DNA testing will be outcome determinative. It provides that, if the court:
 "[determines that one or more of the defense theories asserted by the inmate at the trial stage in the case described in division (C)(3) of this section or in a retrial of that case in a court of this state was of such a nature that, if DNA testing is conducted and an exclusion result is obtained, [then] the exclusion result will be outcome determinative." *Page 5 
 {¶ 8} Thus, we have held that, when a trial court does not engage in an analysis of defense theories or provide the reasons on which it relied in reaching its conclusion that the DNA test would not be outcome determinative, its order is insufficient. See State v. Ayers, Cuyahoga App. No. 86006, 2005-Ohio-6972 (reversed on other grounds, State v.Ayers, 113 Ohio St.3d 180, 2007-Ohio-1385).
 {¶ 9} The trial court in the instant case provided no reasons for its conclusion that DNA testing would not be outcome determinative. Because the trial court neglected to explain the analysis which led to its conclusion, the order denying the application provides no basis for this court to review its decision and, therefore, the case must be remanded. Thus, we are unable to assess the appropriateness of the trial court's denial of the DNA application on grounds that the results would not be outcome determinative.
 {¶ 10} The State maintains that if the trial court's entry does not comply with R.C. 2953.73(D), we should dismiss Smith's appeal because it lacks a final appealable order. See, e.g., State v. Newell, Cuyahoga App. No. 85280, 2005-Ohio-2853; State v. Hickman, Summit App. No. 22279,2005-Ohio-472. In both Newell and Hickman, however, the trial courts' orders simply stated that the defendants' DNA applications were denied. In the instant case, the trial court specified that it was denying the application because DNA testing would not be outcome determinative. Thus, we find that, although the trial court failed to provide sufficient *Page 6 
reasons for its denial of Smith's application, we have jurisdiction to remand this case to the trial court for further explanation. SeeAyers, supra; State v. Price, 165 Ohio App.3d 198, 2006-Ohio-180, 845 N.E.2d 559.
 {¶ 11} Therefore, the first assignment of error is sustained.
 {¶ 12} In his second assignment of error, Smith argues that the trial court's denial of his application for DNA testing is contrary to law because the trial court did not comply with R.C. 2953.75 by requiring a report from the prosecutor. In his third assignment of error, Smith argues that the trial court's denial of his application is contrary to law because comparison DNA testing would be outcome determinative. We find that it would be premature to decide these issues because we have already held that we are unable to properly review the trial court's denial of Smith's DNA application without the trial court's reasons explaining why it denied the application. Thus, we are unable to review Smith's other assigned errors.[1]
 {¶ 13} Therefore, the second and third assignments of error are overruled.
 {¶ 14} Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this decision.
It is, therefore, ordered that appellant recover of appellee the costs herein.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and CHRISTINE T. McMONAGLE, J. CONCUR
[1] However, as to the second assignment of error involving the prosecutor's report, we direct the parties to the Ohio Supreme Court's recent decision in State v. Buehler, 113 Ohio St.3d 114,2007-Ohio-1246. *Page 1