[Cite as *State v. Long*, 2011-Ohio-6381.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110139 |
| | | TRIAL NO. B-0402803 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOHN W. LONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Appeal Dismissed

Date of Judgment Entry on Appeal:  December 14, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Appellee,

*John W. Long*, pro se.

Please note:  We have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant John W. Long presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's entry denying his application for DNA testing. Because the entry from which Long appeals is not a final appealable order, we dismiss the appeal.

{¶2} Long was convicted of murder in 2004. He unsuccessfully challenged his conviction in direct appeals to this court and to the Ohio Supreme Court. See *State v. Long* (Oct. 26, 2005), 1st Dist. No. C-040643, appeal not accepted for review, 108 Ohio St.3d 1489, 2006-Ohio-962, 843 N.E.2d 794.

{¶3} In December 2010, we remanded Long's case to the common pleas court for correction of his sentence upon our determination that the sentence was void to the extent that it included an unauthorized term of postrelease control. See *State v. Long*, 1st Dist. No. C-100285, 2010-Ohio-6115. In January 2011, the court corrected the sentence.

{¶4} Meanwhile, in May 2010, Long had applied under R.C. 2953.71 et seq. for DNA testing of biological evidence found at the crime scene. The common pleas court denied the application, and this appeal followed.

{¶5} Whether a court accepts or rejects an application for DNA testing of biological evidence, the court must memorialize its decision in "*a judgment and order * * * that includes * * * the reasons for the acceptance or rejection* as applied to the criteria and procedures set forth in [R.C.] 2953.71 to 2953.81." See R.C. 2953.73(D) (emphasis added). A judgment entry accepting or rejecting an application for DNA testing that does not include the statutorily mandated "reasons" for the court's decision is not a final appealable order. See *State v. Thomas*, 1st Dist.

No. C-050245, 2005-Ohio-6823, ¶14 (citing *State v. Mapson* [1982], 1 Ohio St.3d 217, 438 N.E.2d 910); accord *State v. Lemons*, 11th Dist. No. 2010-T-0008, 2010-Ohio-1445, ¶5; *State v. Hayden*, 2nd Dist. No. 20747, 2005-Ohio-4025; *State v. Newell*, 8th Dist. No. 85280, 2005-Ohio-2853, ¶6; *State v. Hickman*, 9th Dist. No. 22279, 2005-Ohio-472, ¶10. Cf. *State v. Price*, 165 Ohio App.3d 198, 2006-Ohio-180, 845 N.E.2d 559, ¶12; *State v. Smith*, 8th Dist. No. 87937, 2007-Ohio-2369, ¶10 (remanding to the common pleas court to provide a detailed explanation of its conclusion in its entry that DNA testing would not be outcome-determinative).

{¶6} The common pleas court entered its judgment "overrul[ing]" Long's "motion" for DNA testing upon "find[ing] the said motion not well taken." Because the entry rejecting Long's application did not conform with R.C. 2953.73(D)'s mandate that the entry include the court's reasons for the rejection, the entry did not constitute a final appealable order. Accordingly, we dismiss the appeal.

*Appeal dismissed.*

**DINKELACKER, P.J., HILDEBRANDT** and **HENDON, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.