[Cite as *State v. Wright*, 2014-Ohio-4734.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. L-14-1041 |
| | L-14-1042 |
| Appellee | L-14-1043 |
| | L-14-1044 |
| v. | |
| | Trial Court Nos. CR0201202162 |
| Emmanuel Andre Wright | CR0200902364 |
| | CR0200803927 |
| Appellant | |
| | **DECISION AND JUDGMENT** |
| | Decided: October 24, 2014 |

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

\* \* \* \* \*

**SINGER, J.**

{¶ 1} Appellant, Emmanuel Wright, appeals from three February 19, 2014 judgments

of the Lucas County Court of Common Pleas, entered in case Nos. CR0200803927,

CR0200902364, and CR0201202162, resentencing appellant pursuant to our mandate and

ordering that the sentence in each case be served consecutive to the other sentences. Appellant also appeals from a February 21, 2014 judgment in case No. CR0201202162, which dismissed his postconviction relief petition. All four appeals have been consolidated. For the reasons which follow, we affirm the resentencing judgments dated February 19, 2014, and dismiss the appeal from the February 21, 2014 judgment dismissing appellant's postconviction relief petition. Appellant asserts the following assignments of error on appeal:

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY RE-IMPOSING MAXIMUM SENTENCES IN CR2009-2364 AND CR2008-3927.

SECOND ASSIGNMENT OF ERROR

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS BY DISMISSING HIS PETITION FOR POST CONVICTION [sic] RELIEF WITHOUT A

2.

HEARING, AND BY NOT MAKING PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶ 2} In case No. CR0200803927, appellant entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of burglary. The trial court accepted his plea, and the remaining charges were dismissed. While Wright was awaiting sentencing, he was indicted in case No. CR0200902364 and entered an *Alford* plea to the lesser offense of attempted theft. Wright was sentenced on December 21, 2009, to two consecutive three-year terms of community control. Additionally, the court notified Wright that if he violated the terms of his community control, a longer or more restrictive sanction would be imposed, including a prison term of eight years in case No. CR0200803927 and one year in CR0200902364.

{¶ 3} On July 19, 2012, while on community control, Wright was indicted on one count of passing bad checks in case No. CR0201202162. Wright subsequently entered a no contest plea in exchange for the state's recommendation of a six-month prison sentence. On April 1, 2013, the court accepted the plea and imposed the six-month recommended prison sentence. Additionally, in judgments of the same date in case Nos. CR0200803927 and CR0200902364, the court imposed the prison sentences for those offenses because Wright acknowledged that his conviction for passing bad checks constituted a violation of the terms of his community control. The court ordered those prison terms to be served consecutively to each other and the current offense, for a total prison term of nine and one-half years.

3.

**{¶ 4}** Appellant appealed the April 1, 2013, judgments entered in all three cases. While the consolidated appeal was pending, appellant filed a pro se postconviction relief petition on October 4, 2013 to vacate or set aside judgment of conviction in case No. CR020122162. Appellant asserted that his severe sentence was the result of ineffective assistance of counsel who allegedly failed to thoroughly investigate his case and prepare a defense. On November 8, 2013, appellant's appointed counsel filed a second petition for postconviction relief based on the same grounds. The state moved to dismiss the petition or for an order of summary judgment.

**{¶ 5}** On December 30, 2103, this court affirmed in part and reversed in part the judgments on appeal. *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, and L-13-1058, 2013-Ohio-5903. We remanded the cases for resentencing because the trial court failed to comply with R.C. 2929.14(C)(4) and make the necessary findings to impose consecutive sentences. *Id*. at ¶ 37.

**{¶ 6}** In three judgments journalized on February 19, 2014, appellant was resentenced pursuant to our mandate and the trial court imposed consecutive sentences "to fulfill the purposes of R.C. 2929.11." Although the court did not specifically cite R.C. 2929.14(C)(4), the court did recite the language of the statute and found that the consecutive sentences were "not disproportionate to the seriousness of the offender's conduct or the danger the offender poses" and that because "the defendant was under community control when the offense was committed, the defendant's criminal history requires consecutive sentences."

4.

**{¶ 7}** In a judgment journalized February 21, 2014, in case No. CR0201202162, the trial court dismissed appellant's postconviction relief petition without a hearing and without making findings of fact and conclusions of law.

**{¶ 8}** On March 11, 2014, appellant filed an appeal from the February 19, 2014 judgments in all three cases (CR0200803927, CR0200902364, and CR0201202162) and from the February 21, 2014 judgment in case No. CR0201202162. All of the appeals have been consolidated.

**{¶ 9}** In his first assignment of error, appellant argues that the trial court erred by re-imposing the maximum sentences in the first two case Nos. CR0200803927 and CR0200902364. Appellant asserts that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 and the seriousness of appellant's crimes and recidivism as required by R.C. 2929.12. Appellant also argues that the trial court abused its discretion by imposing the maximum sentences.

**{¶ 10}** In our decision and judgment of December 30, 2103, we remanded the consolidated cases solely for the purpose of resentencing to comply with R.C. 2929.14(C)(4). *Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, and L-13-1058, 2013-Ohio-5903, at ¶ 37. We specifically addressed and found not well-taken the issues of whether the trial court abused its discretion by imposing the maximum sentences in case Nos. CR0200803927 and CR0200902364 and whether the trial court complied with R.C. 2929.11 and 2929.12 when imposing the sentences. *Id*. at ¶ 15-25. Our ruling on these issues remains the law of the case for all subsequent proceedings, *Nolan v. Nolan*,

5.

11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), and the issue is barred from consideration by the doctrine of res judicata. *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 27-28. The trial court would not have had jurisdiction to exceed our mandate and reconsider this issue. Therefore, appellant's first assignment of error is not well-taken.

{¶ 11} We next address the appeal of the dismissal of appellant's petition for postconviction relief and begin with appellant's third assignment of error. In his third assignment of error, appellant argues that the trial court denied appellant due process by dismissing his petition for postconviction relief without a hearing and without making findings of fact and conclusions of law. The state concedes that the judgment is not a final, appealable order.

{¶ 12} Before granting a hearing on a timely-filed petition for postconviction relief, "* * * the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). If the court does not find grounds for relief, it must file findings of fact and conclusions of law along with either its order granting the motion to dismiss or its order denying relief. R.C. 2953.21(C) and (G). Until the court complies with this requirement, the judgment is not a final, appealable order. *State v. Mapson*, 1 Ohio St.3d 217, 218, 438 N.E.2d 910 (1982).

{¶ 13} Therefore, the judgment journalized February 21, 2014, in case No. CR0201202162, is not a final, appealable order and the appeal from that judgment is ordered dismissed at appellant's costs.

6.

{¶ 14} In his second assignment of error, appellant argues that his appointed counsel rendered ineffective assistance by failing to attach evidentiary affidavits prepared by appellant in support of his petition for postconviction relief. Because we must dismiss the appeal of the judgment dismissing the petition for postconviction relief, this assignment of error is rendered moot.

{¶ 15} Having found that the trial court did not commit error prejudicial to appellant as to the judgments journalized on February 19, 2014, in all three cases, the judgments of the Lucas County Court of Common Pleas resentencing appellant are affirmed. Appellant is ordered to pay the court costs of this consolidated appeal pursuant to App.R. 24.

Judgments affirmed
and appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____

Stephen A. Yarbrough, P.J.      JUDGE

James D. Jensen, J.          _____
CONCUR.                            JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.