[Cite as *State v. Bunch*, 2014-Ohio-4921.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 14 MA 141 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| CHAZ BUNCH, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Direct Appeal from Common Pleas Case No. 01 CR 1024.

JUDGMENT:       Appeal dismissed for lack of a final appealable order.

APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph Rivera
Asst. Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, OH  44503

For Defendant-Appellant:       Attorney Donald R. Caster
Ohio Innocence Project
University of Cincinnati
College of Law
P.O. Box 210040
Cincinnati, OH  45221-0040

JUDGES:
Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  October 31, 2014

PER CURIAM.

{¶1} Chaz Bunch, appellant herein, is appealing a September 10, 2014 judgment entry which recites in pertinent part:

On this 3rd day of September, 2014, Defendant's Pro-se "Application for DNA Testing" is overruled.

{¶2} The trial court offered no reasons in support of its decision to deny DNA testing.

{¶3} Appellant, a juvenile at the time of multiple commission of felonies, had a prior appeal before this Court wherein a resentencing was ordered with a maximum imposition of sentence not to exceed 89 years imprisonment. (*State v. Bunch*, 2005-Ohio-3309 (7th Dist.), reduced from a total of 115 years in the original sentence.) The 89 year sentence was later upheld in *State v. Bunch*, 2007-Ohio-7211 (7th Dist.)

{¶4} Ohio Revised Code 2953.73(D), regarding applications for DNA testing in postconviction proceedings contains a clear mandate that

Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code.

{¶5} Our sister appellate districts have dismissed appeals for lack of a final order when there has been a summary and unexplained dismissal of applications for DNA testing. *State v. Hickman*, 2005-Ohio-472 (9th Dist.) (the entry was insufficient to apprise appellant of the reasons for dismissal or enable this Court to properly determine merit to the appeal); *State v. Thomas*, 2005-Ohio-6823 (1st Dist.) (the entry by the trial court did not conform with the statute's mandate that it include the reasons for the rejection); *State*

*v. Newell*, 2005-Ohio-2853 (8th Dist.) (no final order when the judgment entry fails to set forth any reasons for denying appellant's application).

**{¶6}** The order appealed here does not express that testing would not be "outcome determinative", which would allow for remand for further explanation. *State v. Smith*, 2007-Ohio-2369 (8th Dist.).

**{¶7}** Accordingly, this appeal is dismissed for lack of a final order.

**{¶8}** Costs taxed against appellant.

**{¶9}** Copies to counsel of record and Judge R. Scott Krichbaum. (Common Pleas Case No. 01 CR 1024).

Donofrio, J.

Waite, J.

DeGenaro, P.J.