[Cite as *State v. Conner*, 2020-Ohio-3720.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                   :

                       No. 108885

    v.                                            :

ANTHONY CONNER,                                 :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-566159-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van and Katherine Mullin, Assistant Prosecuting Attorneys, *for appellee.*

Donald R. Caster, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Anthony Conner appeals from the trial court's decision denying his application for DNA testing. After reviewing the facts of the

case and all relevant case law, we dismiss the appeal for lack of a final appealable order.

{¶ 2} In September 2012, Conner was charged in a multiple count indictment for a shooting that occurred outside of a local nightclub and resulted in an individual's death. In January 2013, a jury convicted Conner of aggravated murder, murder, felonious assault, and discharge of a firearm on or near prohibited premises. The trial court found him guilty on the bifurcated charge of having weapons while under disability. Subsequently, the court sentenced Conner to 39½ years in prison. This court affirmed his conviction on direct appeal in *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601.

{¶ 3} In May 2019, Conner filed an application for DNA testing. In his application, Conner requested the court (1) order the upload of the DNA profile already developed from the murder weapon to the Combined Index DNA System ("CODIS"); (2) order the testing of the shell casings collected at the crime scene for DNA, the development of DNA profiles from such evidence, and the upload of any profiles developed to CODIS; and provide the complete results, including underlying bench notes and electropherograms, of all testing to defense counsel and counsel for the state. In July 2019, the state opposed Conner's application.

{¶ 4} On July 26, 2019, the trial court denied the application. The journal entry stated in its entirety, "Defendant's motion for application of DNA testing filed 5/02/19 is denied."

{¶ 5} On August 9, 2019, Conner appealed the trial court's denial of his application for DNA testing, raising two assignments of error for our review: (1) the trial court erred in denying Appellant's application for postconviction DNA testing; and (2) the trial court erred when it failed to explain the reasons for its decision. In support of his first assignment of error, Conner argued that prior testing was not definitive, biological material that was collected from the crime scene still exists, the sample is suitable for DNA testing and upload to CODIS, there was no physical evidence linking Conner to the victim's death, and a CODIS match would be outcome determinative. In his second assignment of error, Conner argued that because the trial court failed to state its reasons for denying his application, as mandated by R.C. 2953.73(D), this court should, "at a minimum," remand the case with instructions for the trial court to comply with the statute.

{¶ 6} On January 31, 2020, this court issued an order to show cause why this appeal should not be dismissed for lack of a final appealable order. The order instructed the parties to address the trial court's lack of reasoning delineated in the trial court's July 2019 entry "as required by R.C. 2953.73(D)," as well as this court's opinions in *State v. Newell*, 8th Dist. Cuyahoga No. 85280, 2005-Ohio-2853, and *State v. Smith*, 8th Dist. Cuyahoga No. 87937, 2007-Ohio-2369

{¶ 7} In response to the court's show cause order, Conner urged this court to follow the "sounder legal approach to appellate jurisdiction" in *Smith* and find this court has jurisdiction in this case. Conner argues that under R.C. 2505.02(B), an order that denies postconviction DNA testing is final and appealable because it

affects a "substantial right" in a special proceeding and it determines the action, regardless of the trial court's failure to state its reasons for the denial. Conner further argues that even if this court finds *Newell* controlling and concludes the trial court's order is not final, we can presume the trial court denied the testing based on a conclusion that the testing would not have been outcome determinative, because "that was the only issue before it." The state agrees with Conner that this court could infer the trial court's reasons "even without findings from the trial court." The state also agrees that "this court should look to R.C. 2505.02 in determining whether a final order exists" and the trial court's order in this case satisfies the statutory definition of a final appealable order.

{¶ 8} R.C. 2953.71 through 2953.83 governs postconviction DNA testing for eligible inmates. R.C. 2953.73(D) provides as follows:

> If an eligible inmate submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected. * * * Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code.

{¶ 9} In addressing the statutory mandate that a trial court provide its "reasons for the acceptance or rejection" of the application for DNA testing, Ohio courts have distinguished between journal entries that provide no reasons for denying an application and journal entries that provide insufficient reasons for denying an application.

**{¶ 10}** Where a trial court provides no reasons for denying an application for DNA testing in its journal entry, Ohio appellate courts have found they have no jurisdiction to review the matter. In *Newell*, 8th Dist. Cuyahoga No. 85280, 2005-Ohio-2853, the trial court denied the defendant's application for DNA testing, stating in its journal entry, in its entirety, "Defendant's motion for DNA testing hereby is denied." *Id.* at ¶ 3. We dismissed the appeal for lack of final appealable order, finding that the court's failure to provide reasons for denying the application contravened the mandates of R.C. 2953.73(D).[1] *Id.* at ¶ 6; *see also State v. Henderson*, 8th Dist. Cuyahoga No. 86933, 2006-Ohio-2876, ¶ 5. In support, this court cited to *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982), in which the Ohio Supreme Court held that a judgment entry that does not include statutorily mandated findings does not constitute a final appealable order. The Supreme Court explained in *Mapson* that "[t]he existence of findings and conclusions are essential

---

[1] In *State v. King*, 8th Dist. Cuyahoga Nos. 103947, 103948, and 103949, 2017-Ohio-181, this court analyzed the substance of the appellant's application for DNA testing without first addressing the apparent deficiency of the trial court's journal entry denying the application. The dissent in *King* notes that the trial court's journal entry failed to delineate any reasons for denying the appellant's application, and because the entry failed to include the trial court's reasons for denying the application, the trial court's entry is not a final appealable order. *Id.* at ¶ 25-27 (Celebrezze, J., dissenting) (citing to this court's decision in *Newell*, 8th Dist. Cuyahoga No. 85280, 2005-Ohio-2853, and the Ninth District's decision in *State v. Hickman*, 9th Dist. Summit No. 22279, 2005-Ohio-472). To the extent that the majority in *King* did not address the law in this district that the failure to provide reasons for denying an application for DNA testing as mandated by R.C. 2953.73(D) divests this court of jurisdiction on that issue, we find *King* to be an aberration and decline to follow it.

in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal." *Id.* at 219.

{¶ 11} Several other appellate districts have reached the same conclusion. *See State v. Nieves*, 9th Dist. Lorain No. 15CA010763, 2016-Ohio-5090, ¶ 8, citing *State v. Hickman*, 9th Dist. Summit No. 22279, 2005-Ohio-472, ¶ 5 (dismissing the defendant's application for DNA testing for lack of a final appealable order where the judgment entry stated "upon due consideration of this court, it is hereby ordered that the defendant's motion is denied," finding the entry failed to provide reasons for the denial and failed to enable the appellate court to properly entertain the appeal on the merits); *State v. Bunch*, 7th Dist. Mahoning No. 14 MA 141, 2014-Ohio-4921, ¶ 7 (dismissing the defendant's application for DNA testing for lack of final appealable order where the judgment entry stated "Defendant's Pro-se 'Application for DNA Testing' is overruled," finding the trial court offered no reasons in support of its decision to deny DNA testing); *State v. Long*, 1st Dist. Hamilton No. C-110139, 2011-Ohio-6381, ¶ 6 (dismissing the defendant's application for DNA testing for lack of final appealable order where the judgment entry stated the defendant's "motion" was "not well taken," finding the entry "did not conform with R.C. 2953.73(D)'s mandate that the entry include the court's reasons for the rejection"); *State v. Lemons*, 11th Dist. Trumbull No. 2010-T-0008, 2010-Ohio-1445, ¶ 3 (dismissing the defendant's application for DNA testing for lack of a final appealable order where the judgment entry stated "the application is not well

taken," finding the entry failed to provide "any reasons for its denial" and therefore failed to provide "a basis for review").

{¶ 12} Where, in denying an application for DNA testing, the trial court includes some explanation for its decision in its journal entry, albeit insufficient, appellate courts have concluded they have jurisdiction to remand the matter for further explanation. In *Smith*, 8th Dist. Cuyahoga No. 87937, 2007-Ohio-2369, the defendant appealed from the trial court's decision denying his application for DNA testing in an entry providing, "The court hereby finds the defendant has failed to demonstrate that DNA testing in this matter would prove to be outcome determinative as defined by R.C. 2953.71(L). Accordingly, Defendant's application for DNA testing is denied." *Id.* at ¶ 5. Upon review, we explained that when a trial court's judgment entry does not provide sufficient reasons — rather than failing to state any reasons — for denying an application for DNA testing, this court has jurisdiction to remand the matter to the trial court for further explanation. *Id.* at ¶ 10. In sustaining the assignment of error, we concluded that

> [b]ecause the trial court neglected to explain the analysis which led to its conclusion, the order denying the application provides no basis for this court to review its decision and * * * we are [therefore] unable to assess the appropriateness of the trial court's denial of the DNA application on grounds that the results would not be outcome determinative.

*Id.* at ¶ 9; *see also State v. Rawls*, 2016-Ohio-7962, 76 N.E.3d 674 (8th Dist.); *State v. Richard*, 8th Dist. Cuyahoga No. 99449, 2013-Ohio-3918; *State v. Smith*, 12th

Dist. Fayette No. CA2015-12-024, 2016-Ohio-5668; *Nieves*; *State v. Price*, 165 Ohio App.3d 198, 2006-Ohio-180, 845 N.E.2d 559 (1st Dist.).

{¶ 13} Because the entry in this case did not include any explanation for the trial court's denial of Conner's application for DNA testing, we are bound by *Newell,* 8th Dist. Cuyahoga No. 85280, 2005-Ohio-2853, and its progeny. The parties urge this court to find the trial court's entry to be a final appealable order under R.C. 2505.02, suggesting that *Mapson,* 1 Ohio St.3d 217, 438 N.E.2d 910 — the Ohio Supreme Court case upon which this court in *Newell* relies — involved a petition for postconviction relief pertaining to constitutional rights rather than statutory criteria of R.C. 2953.73. Like the *Newell* Court, however, we find *Mapson* persuasive support.

{¶ 14} We therefore find the trial court's entry in this case is not a final appealable order and we lack jurisdiction to review the matter. We decline to presume the trial court's reasons for its denial, because established precedent mandates dismissal of the appeal. Moreover, even where the trial court's entry includes some explanation, albeit insufficient or improper, appellate courts have repeatedly remanded to the trial court for further explanation, declining to infer the trial court's reasons. Accordingly, we dismiss this appeal for lack of a final appealable order.

{¶ 15} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR