DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Bret Rossiter has appealed the decision of the Wayne County Court of Common Pleas that denied his request for DNA testing pursuant to Ohio's "Postconviction DNA Testing for Eligible Inmates" statute as codified at R.C.2953.71 to R.C. 2953.81.[1] This Court reverses.
 I {¶ 2} Defendant-Appellant Bret Rossiter pleaded guilty to rape on October 21, 1993. He was sentenced to twenty-five years in prison and is currently serving his sentence in Lucasville, Ohio. On November 21, 2003, Appellant filed an Application for DNA Testing pursuant to Ohio's "Postconviction DNA Testing for Eligible Inmates" statute ("the statute"), codified at R.C.2953.71 to R.C. 2953.83. The State filed a motion to dismiss Appellant's application on November 20, 2003. In its motion to dismiss, the State argued that Appellant was not eligible for DNA testing pursuant to the terms of the statute because Appellant had pleaded guilty or no contest to the offense for which he was incarcerated. Based on the State's argument, the trial court denied Appellant's application on November 26, 2003.
 {¶ 3} Appellant has timely appealed the trial courts decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred when it `overruled' [appellant's] application for DNA testing."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred as a matter of law when it denied his application for DNA testing. Specifically, Appellant has argued that the trial court erred when it failed to look to R.C. 2953.82
to determine the requirements and procedures applicable to his application for DNA testing. We agree.
 {¶ 5} Appellant's sole assignment of error challenges the trial court's legal conclusion that he is statutorily barred from applying for DNA. This Court has long held that a trial court's legal conclusions are reviewed by an appellate court de novo.State v. Russell (1998), 127 Ohio App.3d 414, 416. Therefore, we will conduct a de novo review of the trial court's legal conclusion that Appellant is statutorily barred from applying for DNA testing.
 {¶ 6} As an initial matter, this Court notes that the State failed to file an appellate brief in the matter before this Court. Pursuant to App.R. 18(C), this Court may accept Appellant's statement of the facts and issues as presented in his brief as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action. SeeBank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2; see, also, App.R. 18(C).
 {¶ 7} R.C. 2953.71 states that a prison inmate is permitted to apply for and potentially receive DNA testing of biological material related to the crime for which he is incarcerated. R.C.2953.71(A). R.C. 2953.72 sets forth the requirements and procedures of applications for DNA testing submitted by an inmate who is incarcerated as a result of a trial verdict, and expressly does not apply to an inmate who pleaded guilty or no contest to the offense for which he is incarcerated. R.C. 2953.72(C)(2). Relevant to the instant appeal, R.C. 2953.82 sets forth the requirements and procedures of applications for DNA testing submitted by an inmate who pleaded guilty or no contest to the offense for which he is incarcerated. R.C. 2953.82(A). Specifically, R.C. 2953.82 states, in pertinent part:
"(A) An inmate who pleaded guilty or no contest to a felony offense that was committed prior to the effective date of this section may request DNA testing under this section regarding that offense if all of the following apply:
"(1) The inmate was sentenced to a prison term * * * for that felony and, on the effective date of this section, is in prison serving that prison term * * *.
"(2) On the date on which the inmate filed the application requesting the testing * * * the inmate has at least on year remaining on the prison term described in [R.C. 2953.82(A)(1)] * * *."
 {¶ 8} In the instant matter, Appellant has argued that the trial court erred as a matter of law when it looked to R.C.2953.72 rather than R.C. 2953.82 and determined that he was not eligible to apply for DNA testing.
 {¶ 9} Our review of the record reveals that the trial court's journal entry denying Appellant's Application for DNA Testing stated that:
"[Appellant] filed his application pursuant to [R.C. 2953.71] to [R.C. 2953.81], alleging he is an eligible offender. [R.C.2953.72(C)] defines an eligible offender. A person who pleaded guilty or no contest to the offense is not an eligible offender. Therefore, [Appellant] is not an eligible offender."
 {¶ 10} We find that this case is based upon a clear misreading of the statute. It is clear from the record that Appellant pleaded guilty to one count of rape on October 21, 1993. Therefore, R.C. 2953.82 was the statute that the trial court should have looked to in order to determine the requirements and procedures that were applicable to Appellant's application for DNA testing. It is clear from the trial court's journal entry that it looked to R.C. 2953.72, the wrong section of the statute, and erroneously concluded that Appellant was not permitted to apply for DNA testing. Based on the foregoing, this Court concludes that the trial erred as a matter of law when it failed to look to R.C. 2953.82 to determine the requirements and procedures that were applicable to Appellant's application for DNA testing.
 {¶ 11} Furthermore, R.C. 2953.82(C) states that "[w]ithin fourty-five days after the filing of an application for DNA testing * * * the prosecuting attorney shall file a statement with the [trial] court that indicates whether the prosecuting attorney agrees or disagrees that the inmate should be permitted to obtain DNA testing under [R.C. 2953.82]." In the instant matter, the record is devoid of any statement from the State as to whether or not the prosecuting attorney agreed or disagreed that Appellant should be permitted to obtain DNA testing. The State did file a "Motion to Dismiss Appellant's Application for DNA Testing." However, we find that this did not satisfy the requirements of R.C. 2953.82(C) as it simply misstated the law, namely that Appellant's application for DNA testing was governed by R.C. 2953.72, an inapplicable section of the statute. As a result, the State has yet to take a position as to whether or not it agrees or disagrees with Appellant's application for DNA testing.
 {¶ 12} This Court notes, however, that "[i]f the prosecuting attorney fails to file a statement of agreement or disagreement" within the time period prescribed by the statute, the trial court may exercise its discretion and order the prosecuting attorney to file a statement as such. R.C. 2953.82(E). Thus the State's ability to take a position in the instant matter is not foreclosed; the trial court merely has to ask the State to take a position.
 {¶ 13} In sum, we conclude that the trial court erred as a matter of law when it failed to look to R.C. 2953.82 to determine the requirements and procedures applicable to Appellant's application for DNA testing. Appellant's sole assignment of error has merit.
 III {¶ 14} Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., and Batchelder, J. Concur.
[1] The trial court's journal entry denying Appellant's application for DNA testing incorrectly referred to Ohio's "Postconviction DNA Testing for Eligible Inmates" statute as codified at R.C. 2953.71 to R.C. 2953.81. In fact, the statute is codified at R.C. 2953.71 to R.C. 2953.83.