JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the trial court denying his application for DNA testing ("Application") pursuant to R.C.2953.71 et seq.
 {¶ 2} In December of 2000, defendant was convicted by a jury on one count each of aggravated murder, aggravated burglary, and aggravated robbery. The facts underlying defendant's convictions are fully set forth in State v. Ayers, Cuyahoga App. No. 79134, 2002-Ohio-4773, where this court affirmed defendant's convictions.
 {¶ 3} Following the decision in Ayers, supra, defendant filed his Application for DNA testing, which the trial court denied. Thereafter, defendant filed this timely appeal, in which he presents three assignments of error, the first of which states as follows:
I. THE TRIAL COURT ERRED IN SUMMARILY DENYING THE DNA TESTING PETITION OF DAVID AYERS WITHOUT PROVIDING SUFFICIENT REASONS IN SUPPORT OF ITS DECISION.
 {¶ 4} Defendant argues that when the trial court denied his Application it did not follow the mandatory guidelines set forth in R.C. 2953.73(D). In part, the statute provides as follows:
The court shall expedite its review of the application. The court shall make the determination in accordance with the criteria and procedures set forth in sections 2953.74 to 2953.81
of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized entries of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general, unless the application and the files and records show the applicant is not entitled to DNA testing, in which case the application may be denied. * * * Upon making its determination,the court shall enter a judgment and order that either accepts orrejects the application and that includes within the judgment andorder the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to2953.81 of the Revised Code * * *. (Emphasis added.)
 {¶ 5} According to defendant, the trial court failed to provide a statement explaining its reasons for denying his Application. We agree.
 {¶ 6} When it denied the Application, the trial court's journal entry[1] stated as follows:
CORRECTED ENTRY FOR 1/12/05. ENTRY TO READ AFTER CONSIDERATION OF THE BRIEFS IN THIS MATTER AND THE RECORD MATERIALS, THE COURT HEREBY FINDS THAT DEFENDANT HAS FAILED TO DEMONSTRATE THAT DNA TESTING IN THIS MATTER WOULD PROVE TO BE OUTCOME DETERMINATIVE AS DEFINED BY R.C. 2953.71(L). ACCORDINGLY, DEFENDANT'S APPLICATION FOR DNA TESTING IS DENIED.
 {¶ 7} R.C. 2953.74(C)(4) further explains the kind of analysis expected in deciding whether the DNA testing will be outcome determinative:
The court determines that one or more of the defense theoriesasserted by the inmate at the trial stage in the case described in division (C)(3) of this section or in a retrial of that case in a court of this state was of such a nature that, if DNA testing is conducted and an exclusion result is obtained, the exclusion result will be outcome determinative. (Emphasis added.)
 {¶ 8} The trial court did not engage in an analysis of any defense theories, even though the defendant argued mistaken identity. In fact, contrary to the statute's express requirement, the trial court did not provide any "reasons" the court relied on in reaching its conclusion that the DNA test would not be outcome determinative. For purposes of appropriate appellate review, this court cannot assess the propriety of the trial court's denial of the DNA Application without knowing the reasons it relied on.
 {¶ 9} Further, we find that neither the state nor the trial court initially complied with other provisions of R.C. 2953 et seq. As set forth in relevant part in R.C. 2953.74(C), a trial court may accept a defendant's DNA testing application only if it finds that all the following apply:
(1) The court determines pursuant to section 2953.75 of the Revised Code that biological material was collected from the crime scene or the victim of the offense for which the inmate is an eligible inmate and is requesting the DNA testing and that the parent sample of that biological material against which a sample from the inmate can be compared still exists at that point in time.
(2) The testing authority determines all of the following pursuant to section 2953.76 of the Revised Code regarding the parent sample of the biological material described in division (C)(1) of this section:
(a) The parent sample of the biological material so collected contains scientifically sufficient material to extract a test sample.
(b) The parent sample of the biological material so collected is not so minute or fragile as to risk destruction of the parent sample by the extraction described in division (D)(2)(a) of this section; provided that the court may determine in its discretion, on a case-by-case basis, that, even if the parent sample of the biological material so collected is so minute or fragile as to risk destruction of the parent sample by the extraction, the application should not be rejected solely on the basis of that risk.
(c) The parent sample of the biological material so collected has not degraded or been contaminated to the extent that it has become scientifically unsuitable for testing, and the parent sample otherwise has been preserved, and remains, in a condition that is scientifically suitable for testing.
(3) The court determines that, at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing, the identity of the person who committed the offense was an issue.
 {¶ 10} Before the trial court can grant or deny an application for DNA testing, R.C. 2953.75(B) requires the state "to prepare a report regarding the availability of DNA samples and file it with the court." State v. Buehler, Cuyahoga App. No. 85796, 2005-Ohio-5717, at ¶ 11. This process begins, however, with the trial court, which, pursuant to R.C. 2953.76, is required to order the preparation of that report. Specifically, R.C. 2953.76 "mandates that the court require the prosecuting attorney to prepare a report detailing the quality, quantity, chain of custody, and reliability of any pertinent DNA samples." Id. at ¶ 15.
 {¶ 11} After the trial court receives the state's report, it must then "consider whether there are any comparison samples pursuant to R.C. 2953.75. The trial court cannot make that determination if it has not received nor [sic] reviewed the State's report."[2] Buehler, at ¶ 14; see, also, Statev. Hightower, Cuyahoga App. Nos. 84248 and 84398,2005-Ohio-3857, at ¶ 8.
 {¶ 12} In the case at bar, the trial court did not comply with the requirement of R.C. 2953.76 that the court request the state to prepare the report described in R.C. 2953.75(B).
 {¶ 13} For all the foregoing reasons, we reverse and remand this case for proceedings consistent with this opinion.
Judgment accordingly.
This cause is reversed and remanded.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.
[1] The entry is dated January 18, 2005.
[2] R.C. 2953.75 provides:
"(A) If an eligible inmate submits an application for DNA testing under section 2953.73 of the Revised Code, the court shall require the prosecuting attorney to use reasonable diligence to determine whether biological material was collected from the crime scene or victim of the offense for which the inmate is an eligible inmate and is requesting the DNA testing against which a sample from the inmate can be compared and whether the parent sample of that biological material still exists at that point in time."