{¶ 1} This cause is before this court on remand from the Supreme Court of Ohio. See State v. Ayers, 113 Ohio St.3d 180, 2007-Ohio-1385("Ayers II").
 {¶ 2} In State v. Ayers, Cuyahoga App. No. 86006, 2005-Ohio-6972("Ayers I"), defendant-appellant, David Ayers, appealed the trial court's judgment denying *Page 3 
his application for DNA testing because, the court found, "defendant has failed to demonstrate that DNA testing in this matter would prove to be outcome determinative as defined by R.C. 2953.71(L)."
 {¶ 3} Ayers raised three assignments of error in his appeal. In his first assignment of error, Ayers argued that the trial court had erred in summarily denying his petition for DNA testing without providing sufficient reasons in support of its decision, as required by R.C.2953.73(D).
 {¶ 4} This court agreed that the trial court failed to provide a statement explaining its reasons for denying Ayers' application, stating, "contrary to the statute's express requirement, the trial court did not provide any `reasons' the court relied on in reaching its conclusion that the DNA test would not be outcome determinative."Ayers I, supra, at ¶ 8.
 {¶ 5} This court then considered Ayer's argument, raised in his second assignment of error, that the trial court had not complied with the requirement of R.C. 2953.75 that it first order the State to prepare a report regarding the availability of DNA samples before it denied his petition. Ayers I, supra at ¶ 12. We agreed, reversed the judgment of the trial court denying Ayers' petition and remanded the case for further proceedings. We did not address Ayers' third assignment of error.
 {¶ 6} The Supreme Court of Ohio subsequently reversed our decision on the authority of State v. Buehler, 113 Ohio St.3d 114, 2007-Ohio-1246. In Buehler, the Ohio Supreme Court held that when an eligible inmate files an application for DNA *Page 4 
testing, a trial court should exercise its discretion, in light of the facts and circumstances of the case, as to whether it will first determine whether the inmate has demonstrated that the DNA testing would be outcome determinative or whether it should order the State to prepare and file a DNA evidence report pursuant to R.C. 2953.75. Id. at ¶ 36. In other words, a trial court need not order the State to prepare the report described in R.C. 2953.75(B) if the inmate has failed to demonstrate that DNA testing would be outcome determinative.
 {¶ 7} As is apparent from Buehler, the Supreme Court reversed our judgment in Ayers I regarding Ayers' second assignment of error. Upon remand, we are directed to consider his "remaining assignments of error."
 {¶ 8} The doctrine of the law of the case provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1,5. The doctrine ensures consistency of results in a case and avoids endless litigation by settling the issues. Id.
 {¶ 9} We addressed Ayers' first assignment of error in Ayers I, and held that the trial court had erred in not setting forth sufficient reasons to support its conclusion that DNA testing would not be outcome determinative. Because we have already decided this issue, and the Ohio Supreme Court did not reverse our *Page 5 
judgment on this basis, the doctrine of the law of the case requires that we reverse and remand this matter to the trial court for further explanation.
 {¶ 10} However, if confronted with this assignment of error for the first time upon remand,[1] our judgment would be that a trial court's order denying an application for DNA testing because the testing would not be outcome determinative does, in fact, comply with the requirements of R.C. 2953.73(D) that the court give its "reasons" for rejecting the application, and that "not outcome determinative" is a reason sufficient to allow an appellate court to conduct a review.
 {¶ 11} Detailed grounds for accepting or rejecting applications are found in R.C. 2953.74. In this regard, R.C. 2953.74(C) contains six factors that restrict a court's ability to accept applications for DNA testing. If any of the six factors listed therein is not satisfied, the court is precluded from accepting the application. Specifically, under R.C. 2953.74(C)(4) and (5), if the court finds that the test would not be outcome determinative, the application must be denied. Here, the trial court found that DNA testing would not be outcome determinative, which is one of the reasons under R.C. 2953.74(C) for denying the application. Accordingly, if this court were addressing Ayer's first assignment of error for the first time on remand, we would hold that the trial court's order complied with the requirements of R.C. *Page 6 2953.73(D) that it give its reason for denying the application. However, because we previously decided that the trial court's entry was insufficient, under the doctrine of the law of the case, we are constrained to reverse and remand to the trial court for further explanation regarding why the DNA testing would not be outcome determinative in this matter. Although such explanation would not otherwise be required, it is always helpful for an appellate court to have the benefit of the trial court's analysis, and there should be no particular prejudice to either the State or defense in a fuller exposition of the trial court's thoughts.
 {¶ 12} Ayer's third assignment of error (that DNA testing would, in fact, be outcome determinative) is moot and therefore we need not address it. See App.R. 12(A)(1)(c).
Reversed and remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
CHRISTINE T. MCMONAGLE, J., CONCURS AND WRITES WITH SEPARATE CONCURRING OPINION;
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY AND WRITES WITH SEPARATE CONCURRING OPINION.
[1] Judge Diane Karpinski, the writer of the majority opinion inAyers I, retired from the Eighth District Court of Appeals on December 31, 2006; upon remand from the Supreme Court, Judge Mary Jane Boyle was assigned to the panel.