DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Larry Taylor, appeals the denial of his motion for DNA testing related to his conviction for kidnapping, rape, felonious sexual penetration, and felonious assault entered on a jury verdict in the Erie County Court of Common Pleas and affirmed by this court. *Page 2 
 {¶ 2} Our prior consideration of this case set forth a full summary of the facts. State v. Taylor (Nov. 15, 1996), 6th Dist. No. E-95-066, motion to certify overruled (1998), 81 Ohio St.3d 1444.
 {¶ 3} On December 27, 2002, this court denied appellant's motion for DNA testing, ruling that it lacked the authority to order testing of evidence. Subsequently, appellant filed a motion for DNA testing in the Erie County Court of Common Pleas. On May 3, 2007, the trial court entered a judgment denying appellant's motion.
 {¶ 4} From this judgment entry, appellant now appeals, setting forth the following four assignments of error:
 {¶ 5} "FIRST ASSIGNMENT OF ERROR: The trial court abused its discretion and acted ina [sic] capricious and arbitrary manner by not granting defendants [sic] DNA petition and following the dictates of House Bill 262 R.C. 2953.71 thru 2953.81. Thus denying defendant the equal protection and due process of the U.S. Constitution, Sixth andFourteenth Amendments
 {¶ 6} "SECOND ASSIGNMENT OF ERROR: The trial court abused its discretion and acted in a capricious and arbitrary manner by holding that defendant did not request DNA testing at trial, thus denying defendant the equal protection and due process of the U.S. Constitution,Sixth and Fourteenth Amendments.
 {¶ 7} "THIRD ASSIGNMENT OF ERROR: The trial court abused its discretion and acted in a capricious and arbitrary manner by ruling that the source of any biological evidence was known and that there was no biological evidence to compare with the defendant. *Page 3 
 {¶ 8} "FOURTH ASSIGNMENT OF ERROR: The state's suppression of material and exculpatory evidence interfered with Taylor's right to the effective assistance of counsel in violation of the Fifth, Sixth, Eighth, andFourteenth Amendments."
 {¶ 9} R.C. 2953.74(C) provides that a court may accept an application for DNA testing for an eligible inmate, as defined under R.C. 2953.72, when "[t]he court determines that, if DNA testing is conducted and an exclusion result is obtained, the results of the testing will be outcome determinative regarding that inmate." R.C. 2953.74. See, also, R.C.2953.72, 2953.73. The eligible inmate must demonstrate that an exclusion result of a DNA test would alter the trial result. State v.Buehler, 113 Ohio St.3d 114, 2007-Ohio-1246, ¶ 30. If the proponent fails to convince the trial court that a DNA test exclusion result would change the verdict, the court is under no obligation to accept the application. Id., ¶ 31. The trial court must, in its discretion, consider how to best use judicial resources. Thus, the trial court decides on whether or not it is appropriate to proceed with a DNA test. Id.
 {¶ 10} Appellant, in his first assignment of error, alleges that the trial court abused its discretion by denying appellant's application for a DNA test. An "abuse of discretion" suggests something more than an error of law or judgment. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. A trial court abuses its discretion when its decision is unreasonable, unconscionable, or arbitrary. State ex rel. Dreamer v.Mason, 115 Ohio St.3d 190, 2007-Ohio-4789, ¶ 18. See State ex rel.Worrell v. Ohio Police Fire Pension Fund, *Page 4 112 Ohio St.3d 116, 2006-Ohio-6513, ¶ 10. "When applying this standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v. Matthews at 169.
 {¶ 11} Appellant fails to provide evidence meeting the rigors of the abuse of discretion standard. The trial court reviewed appellant's application, supporting affidavits, documentary evidence, and records pertaining to the proceedings and concluded that, whatever the result of the test, it would not alter the result of the trial. We too have reviewed the record and concur with the trial court's conclusion.
 {¶ 12} Introduced at trial was a tape recorded statement appellant made to an investigating officer. In this statement, appellant admitted sexual contact with the victim, but maintained that the encounter was consensual. This was appellant's defense at trial: not that he had not been with the victim, but that she had consented to the various sexual acts he performed or attempted to perform. The burn marks from a soldering iron on the victim's breasts and vagina were accidental.
 {¶ 13} Given this theory of the case at trial, further examination of DNA evidence gathered would be futile. If the material belonged to appellant, it would be consistent with either his story or that of the victim. If the material did not belong to appellant, it would be immaterial from an evidentiary perspective. Consequently, we conclude that the trial court property denied appellant's application.
 {¶ 14} Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 15} Appellant's second and fourth assignments of error concern the trial court's abuse of discretion and the state's suppression of exculpatory evidence in name only. Appellant's arguments for each assignment of error are in reality assertions of ineffective *Page 5 
trial counsel. These are issues which could have been raised on direct appeal. Res judicata prohibits further litigation on claims that were, or could have been, raised on direct appeal. O'Nesti v. DeBartolo RealtyCorp., 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6; State v. Dehler,73 Ohio St.3d 307, 1195-Ohio-320. If appellant's assertion is that he was denied effective appellate representation due to the failure of counsel to raise trial counsel's ineffectiveness, his remedy is to petition for reopening pursuant to App.R. 26(B). Thus, these assignments of error are not well-taken.
 {¶ 16} Finally, appellant's third assignment of error is rooted again in a claim of ineffective counsel, as well as claims that the state withheld DNA information found on pieces of evidence it used in establishing its case against him, to which the trial court turned a blind eye. Beyond mere conjecture, appellant offers no evidence in support of either assertion. For the reasons stated above, neither appellant's argument for DNA tests nor his assertions of ineffective assistance are tenable.
 {¶ 17} Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1