DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Mark G. Hodson, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion to modify a shared parenting plan. This Court dismisses the appeal.
 I. {¶ 2} Appellant and Appellee, Pamela Hodson nka Hendrix, were granted a dissolution on April 20, 1999. During their marriage, the parties had one child. At the time of their dissolution, the parties also filed a separation agreement and a shared parenting plan. On August 28, 2003, Appellant moved to modify the shared parenting plan. In response, on September 25, 2003, Appellee moved to modify the shared parenting plan as well. The matter was heard before a magistrate who recommended that both parties' motions be denied. Appellant objected to the magistrate's decision, and the trial court ultimately overruled Appellant's objections. Accordingly, the trial court denied both parties' motions to modify. Appellant timely appealed the trial court's judgment, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY FAILING TO FIND THAT APPELLANT'S PROPOSED SHARED PARENTING PLAN AND THE FIXED SCHEDULE PROPOSED BY APPELLANT IN DEFENDANT'S EXHIBIT 9 WAS IN THE BEST INTERESTS OF THE MINOR CHILD."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT MODIFIED THE PARTIES' SHARED PARENTING PLAN AND DECREASED APPELLANT'S COMPANIONSHIP WITH THE MINOR CHILD TO 12 OVERNIGHTS PER MONTH AFTER DENYING BOTH PARTIES' MOTIONS TO MODIFY THE COMPANIONSHIP PLAN."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AS A MATTER OF LAW BY REJECTING APPELLANT'S PROPOSED SHARED PARENTING PLAN WITHOUT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE REASON FOR THE REJECTION AS REQUIRED BY R.C. 3109.04(D)."
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED BY FAILING TO REVIEW THE CURRENT CHILD SUPPORT ORDER."
 {¶ 3} Upon review of the record, this Court determines that it lacks jurisdiction to entertain Appellant's appeal. Accordingly, we decline to address the merits of Appellant's assignments of error.
 {¶ 4} This Court only has jurisdiction to hear appeals from final appealable orders. See R.C. 2505.02. The June 20, 2005 journal entry of the trial court from which the appellant has appealed is not a final, appealable order pursuant to Section2505.02 of the Ohio Revised Code and the Ohio Rules of Appellate Procedure. In the instant matter, both parties filed motions to modify the existing shared parenting plan, thus implicating R.C.3109.04(D)(1)(a)(ii).
 {¶ 5} R.C. 3109.04(D)(1)(a)(ii) provides as follows:
"If each parent * * * files a motion and each also files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. * * * If the court approves a plan under this division, either as originally filed or with submitted changes, or if the court rejects the portion of the parents' pleadings or denies their motions requesting shared parenting under this division and proceeds as if the requests in the pleadings or the motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial." (Emphasis added.)
This Court has held that when a trial court is required by statute to issue findings of fact and conclusions of law, the trial court's judgment does not become a final appealable order until the statutory requirements have been satisfied. See Statev. Hickman, 9th Dist. No. 22279, 2005-Ohio-472, at ¶ 8 (applying the above reasoning in the context of post-conviction relief).
 {¶ 6} In Hickman, this Court adopted the rationale utilized by the Ohio Supreme Court in State v. Mapson (1982),1 Ohio St.3d 217, 218. In Mapson, the Court noted that findings and conclusions are generally required "to apprise [the parties] of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Id. at 219, quoting State v. Jones (1966), 8 Ohio St.2d 21, 22. The Mapson Court went on to note as follows:
"The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a [party] knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." Mapson,1 Ohio St.3d at 219.
 {¶ 7} We find such rationale to be equally persuasive in the context of motions to modify shared parenting plans.
"Requiring a [party] to perfect an appeal without having findings before him would deter judicial economy, for it would guarantee two trips to the appellate court — one to force the findings and another to review the decision on the merits." Id.
Such a waste of judicial resources would be the result in the instant matter. The trial court's judgment makes no reference to the required findings of fact or conclusions of law. While Appellee asserts that the magistrate's decision satisfied R.C.3109.04(D)(1)(a)(ii), we are not persuaded by such an argument.
 {¶ 8} This Court has consistently held that the trial court must independently enter judgment on a magistrate's decision. SeeHarkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,218. When a statute mandates that the trial court's judgment contain findings of fact and conclusions of law, it follows directly that the trial court may not simply rely upon an earlier magistrate's decision to satisfy the statute. Accordingly, this Court holds that the trial court's independent judgment entered upon the magistrate's decision must meet the statutory requirements of R.C. 3109.04(D)(1)(a)(ii).[1]
 {¶ 9} As the trial court failed to issue findings of fact and conclusions of law, no final appealable order exists. Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J. concur
[1] We note, however, that the magistrate's decision contains no conclusions of law, and fails to mention the child's best interest. As such, the record reflects that the magistrate also failed to comply with R.C. 3109.04(D)(1)(a)(ii).