DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, H. Roger Mills ("Husband"), [1] appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which purportedly issued a Civil Protection Order against him and ordered that he pay spousal support to appellee, Kathleen Mills ("Wife"). This Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} On April 10, 2006, Wife filed a petition for domestic violence civil protection order ("CPO"). The domestic relations court issued an ex parte CPO the same day. The CPO was signed by both the magistrate and the judge. The trial court scheduled a full hearing on the order before the magistrate on April 17, 2006. The hearing was continued several times because Husband was unavailable due to his military deployment. The magistrate began to hear the *Page 2 
matter on October 12, 2006, but was unable to conclude the hearing on that date. The hearing continued on November 8, 2006, and again on May 14, 2007. In the interim, the trial court extended the prior ex parte CPO. Both the magistrate and judge signed the judgment entry extending the ex parte CPO.
 {¶ 3} On July 9, 2007, the trial court issued a CPO after a full hearing. Both the magistrate and judge signed the CPO, the judge's signature noting merely approval and adoption, rather than a full reiteration of the orders therein. The same day, the magistrate issued a decision, awarding spousal support to Wife. The judge also issued a judgment entry on July 9, 2007, attaching, incorporating and adopting the magistrate's decision regarding spousal support.
 {¶ 4} On July 13, 2007, Husband filed objections to the "Magistrate's Decision issued July 9, 2007[.]" Husband objected to both the granting of the CPO and the award of spousal support. Husband timely supplemented his objections on October 23, 2007, after transcripts of the hearings were filed.
 {¶ 5} On January 14, 2008, the trial court purportedly ruled on Husband's objections. The trial court found that the magistrate's July 9, 2007 decision "does not deal with the Civil Protection Order, per se, but is limited to the issue of spousal support." The trial court, therefore, overruled Husband's objections to the granting of the CPO. The trial court further overruled Husband's objections regarding the award of spousal support to Wife, adopting the magistrate's decision in that regard, and reiterating the specific orders regarding the award of spousal support. The trial court did not reiterate any orders regarding the issuance of the CPO. Husband timely appeals, setting forth four assignments of error for review. *Page 3 
 ASSIGNMENT OF ERROR I "WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT-HUSBAND WHEN IT ISSUED A CIVIL PROTECTION ORDER AGAINST APPELLANT-HUSBAND."
 ASSIGNMENT OF ERROR II "WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT-HUSBAND WHEN IT DENIED APPELLANT-HUSBAND'S ORAL MOTION TO DISMISS APPELLEE-WIFE'S PETITION FOR CIVIL PROTECTION ORDER AT THE CLOSE OF APPELLEE-WIFE'S CASE-IN-CHIEF."
 ASSIGNMENT OF ERROR III "WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT-HUSBAND WHEN IT ORDERED APPELLANT-HUSBAND TO PAY APPELLEE-WIFE SPOUSAL SUPPORT."
 ASSIGNMENT OF ERROR IV "WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT-HUSBAND WHEN IT DENIED APPELLANT-HUSBAND'S MOTION MOVING THE COURT FOR AN ORDER REQUIRING APPELLEE-WIFE TO PAY ALL NECESSARY AND REASONABLE ATTORNEY FEES AND COSTS INCURRED BY APPELLANT-HUSBAND."
 {¶ 6} The trial court did not specifically enter judgment in regard to the granting of the CPO against Husband. Accordingly, the CPO is not a final judgment from which Husband may appeal. In addition, because any award of spousal support and attorney fees is contingent on the issuance of a CPO, and we lack the jurisdiction to review the issuance of the CPO, this Court declines to address Husband's assignments of error regarding those issues.
 {¶ 7} This Court has held:
 "This Court only has jurisdiction to hear appeals from final appealable orders. R.C. 2505.02; Hodson v. Hodson, 9th Dist. No. 22799, 2006-Ohio-652, at ¶ 4. In order for a judgment to be final and appealable, a trial court cannot merely adopt a magistrate's decision; it must enter its own judgment that sets forth `the outcome of the dispute and the remedy provided.' Harkai v. Scherbo. Industries, Inc. (2000), 136 Ohio App.3d 211, 218. *Page 4 
 "`Adopting the [magistrate's decision] and entering judgment is necessarily a two-step process. The trial court may indicate that it has considered the report, the objections of the parties, and the arguments of counsel, and thereafter may order that the findings of the [magistrate] be adopted by the court. However, this type of recitation alone does not constitute an entry of judgment. The trial court must then enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.' Reiter v. Reiter (May 11, 1999), 3d Dist. No. 5-98-32, quoting Daly v. Martin (May 14, 1997), 9th Dist. No. 2599-M." Miller v. McStay, 9th Dist. No. 22918, 2006-Ohio-2282, at ¶ 4.
 {¶ 8} In this case, the trial court failed to enter its own judgment granting the CPO. Accordingly, the order from which Husband appeals is not a final, appealable judgment, and this Court lacks the jurisdiction to address his assignments of error. Furthermore, this Court lacks jurisdiction to address any pending motions. Accordingly, we decline to address Wife's motion to vacate stay of execution pending appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 5 
SLABY, J. MOORE, J. CONCUR
[1] In its January 14, 2008 judgment entry, the trial court erroneously identifies Appellant as "Herbert Robert Mills." *Page 1