DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Michael J. DiDomenico, Sr., appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division, that purports to impose a civil protection order ("CPO") against him. This Court dismisses the appeal because we lack jurisdiction.
 {¶ 2} On October 1, 2007, Bonnie L. DiDomenico filed a petition for a domestic violence civil protection order against Mr. DiDomenico, her ex-husband. A magistrate issued an ex parte order on the same date. A full hearing was conducted on October 23, 2007, and the magistrate issued a CPO against Mr. DiDomenico on November 14, 2007. The order bears the signature of the judge of the domestic relations court underneath the notation "APPROVED and ADOPTED by," but the trial court did not reiterate the terms of the CPO. Mr. DiDomenico did not file objections. *Page 2 
 {¶ 3} On November 30, 2007, the trial court modified the order to permit Mr. DiDomenico to exercise parenting time with the parties' minor children. The modification order also provided:
 "The Court advised Respondent that the following modification does not change the portion of the Civil Protection Order that prohibits Respondent from abusing Petitioner or other named family or household members, and that Respondent may still be arrested for any violation of those orders against domestic violence.
 "All provisions of the Civil Protection Order not specifically modified or vacated herein shall remain in full force and effect and shall be enforced by law enforcement officers in accordance with law."
The modification order was signed by the trial court judge, but not the magistrate. Nonetheless, it failed to reiterate the terms of the CPO. Mr. DiDomenico appealed "both the Order of Protection * * * and the subsequent Entry Modifying Civil Protection Order."
 {¶ 4} Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals the jurisdiction "to review and affirm, modify, or reverse judgments or final orders[.]" With respect to matters referred to a magistrate, this Court has concluded that "[although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. * * * The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." (Internal citations omitted.) Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 218. When a trial court fails to separately enter judgment granting a CPO, the CPO is not a final appealable order. Mills v. Mills, 9th Dist. No. 24063, 2008-Ohio-3774, at ¶ 8.
 {¶ 5} In this case, despite the subsequent order that modified the terms of the CPO, the trial court did not "separately enter * * * judgment setting forth the outcome of the dispute and the *Page 3 
remedy provided." Harkai at 218. The order from which Mr. DiDomenico has appealed is not a final appealable order, and the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
LYNN C. SLABY FOR THE COURT
 WHITMORE, J. MOORE, P. J. CONCUR *Page 1