{¶ 10} I would dismiss this appeal because this Court does not have jurisdiction. In Harkai v. Scherba. Indus., Ind. (2000),136 Ohio App.3d 211, this Court concluded that a trial court cannot conclude a case by merely adopting a magistrate's decision as its own:
 "Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." (Internal citations omitted.) Id. at 218.
When a trial court fails to separately enter judgment, the order is not final and this Court does not have jurisdiction. Id. at 220-21. See, also, Mills v. Mills, 9th Dist. No. 24063, 2008-Ohio-3774. In this case, the trial court's order dated February 21, 2008, "finds that the Magisitrate's Decision is [in] accordance with law and the evidence"; overrules the defendant's objections; and provides that "[t]he judgment granted therein in favor of the Plaintiffs, is hereby confirmed." This order does not set forth the judgment in the case and is not a final appealable order.
 {¶ 11} The trial court's attempt to amend this order by entering judgment "nunc pro tunc" is to no avail. Civ. R. 53(D)(4) requires a trial court to "undertake an independent review as to the objected matters"; to rule on objections; and to enter judgment. An order that fails to do any one of these things falls short of what Civ. R. 53 requires and fails to "`address all issues submitted to the court for determination so that the parties may know, by referring to the *Page 6 
judgment entry, what their responsibilities and obligations may be.'"Robinson v. Robinson, 9th Dist. No. 21440, 2003-Ohio-5049, at ¶ 6, quoting Fields v. Fields (Aug. 24, 1998), 4th Dist. No. 97 CA 50.
 {¶ 12} I respectfully dissent. *Page 1