DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Sharon L. Hall has attempted to appeal from the Summit County Common Pleas Court's "[a]pprov[al] and [a]dopt[ion]" of a civil protection order entered by a magistrate. This Court dismisses the attempted appeal because the trial court's approval and adoption of the civil protection order is not a final appealable order.
 DISCUSSION {¶ 2} Ms. Hall lives next door to Michael P. Harig, a convicted sex offender. According to Mr. Harig, Ms. Hall has threatened him with physical harm and caused him to be fearful for his safety. Following an evidentiary hearing, a magistrate issued a civil protection order, which, among other things, prohibits Ms. Hall from being within 500 feet of Mr. Harig, except when she is in her own yard, at which time she is prohibited from being within 30 feet of *Page 2 
him. On the same day the magistrate signed the order, the trial court signed the same order under the words "Approved and Adopted by."
 {¶ 3} Article IV Section 3(B)(2) of the Ohio Constitution grants courts of appeals jurisdiction "to review and affirm, modify, or reverse judgments or final orders." This Court has held that matters initially heard by a magistrate are not final until a judge "separately enter[s] his or her own judgment setting forth the outcome of the dispute and the remedy provided." Harkai v. Scherba Indus. Inc., 136 Ohio App. 3d 211,218 (2000). "The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." Id. When a trial court fails to separately enter judgment granting a civil protection order, the civil protection order is not a final appealable order. DiDomenico v. DiDomenico, 9th Dist. No. 07CA0126-M, 2008-Ohio-5305, at ¶ 4.
 CONCLUSION {¶ 4} The trial court's approval and adoption of the magistrate's civil protection order is not a final appealable order. Accordingly, Ms. Hall's attempted appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 3 
Costs taxed to appellant.
 SLABY, J. MOORE, P. J. CONCUR *Page 1